**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-40445
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OMAR RODRIGUEZ-TAMEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1146-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Omar Rodriguez-Tamez appeals his sentence for his guilty-
plea conviction of conspiracy to possess with intent to
distribute more than five kilograms of cocaine in violation of 21
U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846.  Rodriguez-Tamez
argues that the district court clearly erred in imposing a two-
level offense-level enhancement based on his role as a manager or
supervisor in the offense, pursuant to U.S.S.G. § 3B1.1(c).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The record does not contain sufficient reliable evidence to support the district court's finding that Rodriguez-Tamez organized, led, managed, or supervised at least one other person who was criminally culpable in, though not necessarily convicted for, the offense.  See United States v. Jobe, 101 F.3d 1046, 1068 (5th Cir. 1996); U.S.S.G. § 3B1.1, comment. (ns.1-2).  Accordingly, Rodriguez-Tamez's sentence is VACATED and this case is REMANDED for resentencing as to this issue, without prejudice to the possibility that an upward departure might be warranted for Rodriguez-Tamez's management responsibility of the property, assets or activities of the conspiracy.  See Jobe, 101 F.3d at 1068 & n.30; U.S.S.G. § 3B1.1, comment. (n.2).

VACATED AND REMANDED.